Scott K. Brown, State Bar No. 020390
LEWIS ROCA ROTHGERBER LLP
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004
Telephone: 602.262.5321
Facsimile: 602.734.3866
E-mail: sbrown@lrrlaw.com

Jay R. Bender (admitted pro hac vice)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: 205.521.8645
Facsimile: 205.488.6645
E-mail: jbender@babc.com

*Attorneys for Surgical Care Affiliates LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SURGICAL SPECIALTY HOSPITAL OF ARIZONA, LLC,<br><br>Debtor. | Case No. 2:13-bk-20029-DPC<br><br>Chapter 11<br><br>**DECLARATION OF ANDREW ROSEN IN SUPPORT OF DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 8, 2014**<br><br>Hearing Date: December 17, 2014<br>Hearing Time: 3:30 p.m. |

I, Andrew Rosen, declare and state as follows under penalty and perjury of law:

1. I make this Declaration of my own belief and knowledge and would so state if called to testify. I submit this Declaration in support of confirmation of the *Amended Chapter 11 Plan of Reorganization Dated October 8, 2014* [DE 473] ("Plan") filed by Surgical Specialty Hospital of Phoenix, LLC, the Debtor in the above-styled case (the "Debtor" or "SHOP"). Capitalized terms used but not defined in this Declaration shall have the same meaning assigned to such terms in the Plan.

2. I am Vice President of Development with Surgical Care Affiliates, LLC ("SCA"). I have been employed with SCA in this capacity since 2010.

3. SCA is the operating subsidiary of Surgical Care Affiliates, Inc., a publicly traded company ("SCA-Parent"). SCA owns and operates a network of multi-specialty ambulatory surgery centers ("ASCs") and surgical hospitals in the United States. As of September 30, 2014, SCA operated in 33 states and had an interest in and/or operated 176 freestanding ASCs, five surgical hospitals, and one sleep center with 11 locations. SCA's ASCs and surgical hospitals primarily provide the facilities, equipment, and medical support staff necessary for physicians to perform non-emergency surgical and other procedures in various specialties, including orthopedics, ophthalmology, gastroenterology, pain management, otolaryngology, urology, and gynecology, as well as other general surgery procedures.

4. On or about July 3, 2014, SCA and the Debtor entered into a non-binding letter of intent (the "LOI"). I had primary responsibility at SCA for the negotiation of the LOI, and signed the LOI on SCA's behalf. The LOI contemplated a transaction pursuant to which SCA would provide funding in the amount of $17,000,000, subject to a working capital adjustment, to fund a chapter 11 plan of reorganization to be proposed and filed by the Debtor. The LOI further contemplated that, in consideration for that payment, on the effective date of such chapter 11 plan, SCA would acquire a 100% equity interest in the Debtor, as it was reorganized under such plan.

5. I am familiar with the terms of the Plan proposed and filed by the Debtor in the above-styled bankruptcy case, and with the terms of the transaction with SCA contemplated by the Debtor in its Plan. The Plan arises out of the LOI. The Plan provides for SCA's payment in cash of the SCA Plan Contribution in the amount of $17,000,000 (subject to final working capital adjustment in accordance with the Plan). In consideration for the SCA Plan Contribution, the Plan provides that all of the Reorganized Debtor Interests shall be issued to and vest in SCA or its designated subsidiary on the Effective Date, except for a minority share of the Reorganized Debtor Interests that are to be distributed to Class 8 Equity Interest Holders from time to time in accordance with the terms of the Plan.

6. SCA has designated SCA-Phoenix, LLC, a Delaware limited liability company and a subsidiary of SCA, to be the entity to which the Reorganized Debtor Interests shall be issued under the Plan and to serve as the managing member of the Reorganized Debtor, subject to the occurrence of the Effective Date.

7. The Plan also provides that, on the Effective Date, the Reorganized Debtor will enter into a long-term lease of SHOP's hospital facility (the "Hospital") from Debtor's affiliate SSHA Building, LLC ("SSHA"), which lease shall be guaranteed by SCA and other equity interest holders in the Reorganized Debtor.

8. The Plan provides that, as of and after the Effective Date, the Hospital, under the ownership of the Reorganized Debtor, shall continue to be qualified for participation in the Medicare program, holding the same Medicare provider contract as the Hospital does currently, under the same terms and conditions and with all of the applicable payment statuses and attributes thereof. Without limiting the generality of the foregoing, the Plan contemplates that the Hospital, under the ownership of the Reorganized Debtor, shall retain its "grandfathered" status under the Whole Hospital Exception to the Stark Law, the retention of which is material to the Plan.

9. The Plan provides that, as of the Effective Date, pursuant to Article III of the Plan and Sections 365 and 1123 of the Bankruptcy Code, each of the executory contracts and unexpired leases listed on Exhibit G to the Disclosure Statement (with all amendments contained therein), as such list has been amended by the Debtor from time to time (as amended, the "Assumed Contracts"), shall be assumed, subject to the amendment of the list of Assumed Contracts to delete any contract or lease from such and provide for its rejection, or to add any executory contract or unexpired lease to such list and provide for its assumption under the Plan.

10. Subject to the occurrence of the Effective Date, the Reorganized Debtor shall continue to operate the Hospital. I am familiar with the Hospital and its historical operations. Based upon my knowledge of the Hospital, its historical operations, and SCA's projections for the Hospital's future operations, it is my opinion that the

Reorganized Debtor will be able to perform the obligations under the Assumed Contracts after the Effective Date as and when the same become due.

11. The Plan provides that its Effective Date will be the date that is fourteen (14) days following the Confirmation Date, subject to the satisfaction of the conditions set forth in the Plan, or such other date mutually agreed to by the Debtor and SCA. The Plan provides that the Effective Date shall occur no later than December 31, 2014.

12. SCA has the financial ability to pay the SCA Plan Contribution on the Effective Date. On or about November 13, 2014, SCA-Parent filed with the Securities and Exchange Commission its Form 10-Q for the quarterly period ending September 30, 2014 (the "10-Q"). A true and correct copy of the 10-Q is attached hereto as **Exhibit A** and incorporated herein by reference. The 10-Q reflects that, as of September 30, 2014, SCA-Parent had cash and cash equivalents, on a consolidated basis, totaling over $53.3 million and total current assets in excess of $247 million. Also, the 10-Q reflects that, as of September 30, 2014, SCA-Parent had a senior secured revolving credit facility with capacity of $132.3 million with a maturity date of June 30, 2016. I am not aware of any changes in the financial condition of SCA-Parent occurring since September 30, 2014 that would impair SCA's ability to make the SCA Plan Contribution on the Effective Date.

13. SCA has obtained all due corporate approvals to pay the SCA Plan Contribution and to otherwise close on the transactions contemplated by the Plan on December 31, 2014, subject to the following conditions: (a) the entry by this Court of an order confirming the Plan in form and substance acceptable to SCA, (b) such order being a final and non-appealable order that is not subject to any stay and that is not subject to any request for revocation (provided that SCA reserves its right to cause the Effective Date to occur notwithstanding the pendency of an appeal or request for revocation of the Confirmation Order, under circumstances which would moot such appeal), (c) each of the Retaining Interest Holders executing and delivering the Amended Operating Agreement, (d) no Material Adverse Event shall have occurred and be continuing, (e) all material

consents, authorizations, orders and approvals of (or filings or registrations with) any Government Entity or other party required in connection with the execution, delivery, and performance of the Plan shall have been obtained or made by the Debtor, the Reorganized Debtor, or SCA, and (f) the Building Lease shall have been duly amended and executed in form and substance satisfactory to SCA.

14. Subject to the satisfaction of the conditions stated immediately above (or the waiver thereof by SCA and the Debtor in writing in their respective sole and absolute discretion), I believe the transaction with SCA contemplated by the Plan will close, and the Effective Date will occur, on December 31, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of December, 2014.

s/ Andrew Rosen<br>
ANDREW ROSEN

| | |
|---|---|
| 1 | COPY of the foregoing emailed this |
| 2 | 17th day of December, 2014 to: |
| 3 | Carolyn J. Johnsen |
| | Dickinson Wright PLLC |
| 4 | 1850 North Central Avenue, #1400 |
| | Phoenix, Arizona 85004 |
| 5 | cjjohnsen@dickinsonwright.com |
| | *Attorneys for Debtor* |
| 6 | |
| | Joel Wakefield |
| 7 | The Nelson Law Group |
| | One East Washington Street, Suite 500 |
| 8 | Phoenix, Arizona 85004 |
| | joel@nelsonlawsolutions.com |
| 9 | *Special Counsel for Debtor* |
| 10 | David Gonzales |
| | CKS Securities LLC |
| 11 | 6263 Scottsdale Road, Suite 390 |
| | Scottsdale, Arizona 85250 |
| 12 | dgonzales@cks-securities.com |
| | *Chief Restructuring Officer for Debtor* |
| 13 | |
| | Larry L. Watson |
| 14 | Office of the U.S. Trustee |
| | 230 North First Avenue, Suite 204 |
| 15 | Phoenix, Arizona 85003 |
| | larry.watson@usdoj.gov |
| 16 | *U.S. Trustee* |
| 17 | Bradley A. Cosman |
| | Perkins Coie LLP |
| 18 | 2901 North Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012 |
| 19 | bcosman@perkinscoie.com |
| | *Attorneys for Official Committee* |
| 20 | *of Unsecured Creditors* |
| 21 | Lori L. Winkelman / Jason D. Curry |
| | Quarles & Brady LLP |
| 22 | One Renaissance Square |
| | Two North Central Avenue |
| 23 | Phoenix, Arizona 85004 |
| | lori.winkelman@quarles.com |
| 24 | jason.curry@quarles.com |
| | *Attorneys for Wells Fargo Bank,* |
| 25 | *National Association* |
| 26 | Roger W. Hall |
| | Buchalter Nemer |
| 27 | 16435 North Scottsdale Road, Suite 440 |
| | Scottsdale, Arizona 85254 |
| 28 | rhall@buchalter.com |
| | *Attorneys for Siemens Financial Services, Inc.* |

| | |
|---|---|
| 1 | Séan P. O'Brien |
| 2 | John A. Nasr |
|   | Gust Rosenfeld P.L.C. |
| 3 | One East Washington Street, Suite 1600 |
|   | Phoenix, Arizona 85004 |
| 4 | spobrien@gustlaw.com |
|   | jnasr@gustlaw.com |
| 5 | *Attorneys for Owens & Minor, Inc.* |
| 6 | Rachel A. Greenleaf |
|   | Hirschler Fleischer, P.C. |
| 7 | 2100 East Cary Street |
|   | Richmond, Virginia 23223 |
| 8 | rgreenleaf@hf-law.com |
|   | *Attorneys for Owens & Minor, Inc.* |
| 9 | |
|   | Lori A. Lewis |
| 10 | Maricopa County Attorney's Office |
|   | Civil Services Division |
| 11 | Security Center Building |
|   | 222 North Central Avenue, Suite 1100 |
| 12 | Phoenix, Arizona 85004 |
|   | LewisL01@mcao.maricopa.gov |
| 13 | *Attorney for Maricopa County Treasurer* |
| 14 | Jennifer L. Nassiri |
|   | Venable LLP |
| 15 | 2049 Century Park East, Suite 2100 |
|   | Los Angeles, California 90067 |
| 16 | jnassiri@venable.com |
|   | *Attorneys for NUVASIVE, INC.* |
| 17 | |
|   | Michael R. Johnson |
| 18 | Ray Quinney & Nebeker, P.C. |
|   | 36 South State Street, Suite 1400 |
| 19 | Salt Lake City, Utah 84111 |
|   | mjohnson@rqn.com |
| 20 | *Attorneys for Med One Capital Funding LLC* |
| 21 | Scott B. Cohen |
|   | Engelman Berger, P.C. |
| 22 | 3636 North Central Avenue |
|   | Phoenix, Arizona 85012 |
| 23 | sbc@eblawyers.com |
|   | *Attorneys for SSHA Building, LLC* |
| 24 | |
|   | Barbara B. Maroney |
| 25 | Law Office of Barbara Maroney, P.C. |
|   | 29834 North Cave Creek Road, #118/336 |
| 26 | Cave Creek, Arizona 85331 |
|   | bbm@maroneylawfirm.com |
| 27 | *Attorney for Philips Medical* |
| 28 | |

| | |
|---|---|
| 1 | Alan A. Meda |
|   | Burch & Cracchiolo PA |
| 2 | 702 East Osborn Road, Suite 200 |
|   | Phoenix, Arizona  85014 |
| 3 | ameda@bcattorneys.com |
|   | *Attorneys for IceArizona Hockey Co LP* |
| 4 | *fka Coyotes Newco, LLC* |
| 5 | Faisal Delawalla |
|   | Bryan Cave LLP |
| 6 | 161 North Clark Street, Suite 4300 |
|   | Chicago, Illinois  60601 |
| 7 | faisal.delawalla@bryancave.com |
|   | *Attorneys for U.S. Foods, Inc.* |
| 8 | |
|   | Susan Goodman, RN JD |
| 9 | Mesch, Clark & Rothschild, P.C. |
|   | 259 North Meyer Avenue |
| 10 | Tucson, Arizona  85701 |
|    | sgoodman@mcrazlaw.com |
| 11 | *Patient Care Ombudsman* |
| 12 | Craig D. Hansen |
|    | K. Derek Judd |
| 13 | Squire Patton Boggs (US) LLP |
|    | One East Washington Street, Suite 2700 |
| 14 | Phoenix, Arizona  85004 |
|    | craig.hansen@squirepb.com |
| 15 | derek.judd@squirepb.com |
|    | *Attorneys for Official Committee of* |
| 16 | *Unsecured Creditors* |
| 17 | Gerald L. Shelley |
|    | Fennemore Craig, P.C. |
| 18 | 2394 East Camelback, Suite 600 |
|    | Phoenix, Arizona  85016 |
| 19 | gshelley@fclaw.com |
|    | *Attorneys for Candace Spurlock* |
| 20 | |
|    | David N. Crapo |
| 21 | Gibbons P.C. |
|    | One Gateway Center |
| 22 | Newark, New Jersey  07102 |
|    | dcrapo@gibbonslaw.com |
| 23 | *Attorneys for Lanx, Inc.* |
| 24 | Bruce J. Borrus |
|    | Riddell Williams P.S. |
| 25 | 1001 Fourth Avenue, Suite 4500 |
|    | Seattle, Washington  98154 |
| 26 | bborrus@riddellwilliams.com |
|    | *Attorneys for Philips Healthcare* |
| 27 | |
| 28 | |

David Gonzales
CKS Securities LLC
6263 Scottsdale Road, Suite 390
Scottsdale, Arizona  85250
dgonzales@cks-securities.com
*Chief Restructuring Officer for Debtor*

 /s/  Leilani Lista
Leilani Lista